IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZOFIA LUKAWSKI, :
:
Plaintiff : 3:12-CV-02082
:
v. :
: (JUDGE NEALON)
CLIENT SERVICES, INC., :
:
Defendant :

FILED
SCRANTON
AUG 2 9 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On September 18, 2012, Plaintiff, Zofia Lukawski, commenced this action by filing a complaint in the Pennsylvania Court of Common Pleas of Lackawanna County alleging that Defendant, Client Services, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") by mailing a letter to Plaintiff in an attempt to collect a debt that violated the FDCPA. (Doc. 1-3). Defendant removed this matter to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1331 on October 17, 2012. (Doc. 1). On January 25, 2013, the parties filed a stipulation that if Plaintiff demonstrates that Defendant violated the FDCPA then Defendant will pay statutory damages of $1,000.00, costs, and attorney's fees. (Doc. 6). On April, 30, 2013, Defendant filed a motion for summary judgment, statement of material facts, and brief in support thereof. (Docs. 7-8). On May 24, 2013, Plaintiff filed an answer to Defendant's statement of facts, a cross-motion for summary judgment, statement of facts, and brief in support of the cross-motion. (Docs. 9-12). On June 7, 2013, Defendant filed a brief in opposition and on June 24, 2013, Plaintiff filed a reply brief. (Docs. 13-14). The cross-motions are now ripe for disposition and, for the reasons that follow, summary judgment will be entered in favor of

Plaintiff.

I. **Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. Lujan v. National Wildlife Federation, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). All inferences "should be drawn in the light most favorable to the nonmoving party, and where the nonmoving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore v. Bell Tel. Co., 24 F.3d 508, 512 (3d Cir. 1994) quoting Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

II. **Statement of Facts**

Plaintiff contracted with Citibank, N.A., to open a MasterCard account and accrued debt on the account, and, in 2011, Plaintiff ceased making payments on her account causing it to become delinquent. (Doc. 7-1, ¶¶ 1-2) admitted in (Doc. 9, ¶¶ 1-2). On February 28, 2012, Defendant, being retained by Citibank, N.A., sent to Plaintiff and Plaintiff received a collection letter attempting to collect the debt on the account. (Doc. 7-1, ¶¶ 3-4) admitted in (Doc. 9, ¶¶ 3-

2

4). The February 28, 2012 letter stated "as of the date of this letter your total balance due is $1,035.91" and stated that "because of interest, late fees, and other finance charges (if applicable to your account), your total balance might be greater on the date you make a payment." (Doc. 7-2, p. 1). On April 13, 2012, Defendant issued a second collection letter to Plaintiff indicating that the "Balance Due" was $1,096.75. (Doc. 7-1, ¶ 7) admitted in (Doc. 9, ¶ 7). The April 13, 2012 letter informed that the "creditor agreed to accept $493.54 as settlement in full" but nowhere informs that interest could accrue or the balance could increase. (Doc. 7-4).

At all relevant times, Defendant was acting as a "debt collector" as the term is defined under by the FDCPA and was attempting to collect a "debt" as the term is defined by the FDCPA. (Doc. 6).

### III. Discussion

In the complaint, Plaintiff alleges that the April 13, 2012 collection letter was subject to two interpretations because it did not explain that interest would continue to accrue on the unpaid principal balance and, therefore, violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10). (Doc. 1-3, ¶¶ 12-17). Said sections prevent a debt collector from using any false, deceptive, or misleading representation or means to collect or attempt to collect a debt including false representation of the character, amount, or legal status of any debt. 15 U.S.C. §§ 1692e(2)(A) and 1692e(10). Also in the complaint, Plaintiff cites to <u>Michalek v. ARS National Systems, Inc.</u>, 2011 U.S. Dist. LEXIS 142976 (M.D. Pa. 2011), which holds that four collection letters, which "did not state the date on which the amount due was calculated, and did not explain that interest would continue to accrue on the unpaid principal," were "subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10)." 2011 U.S. Dist. LEXIS 142976, *11.

3

In its motion for summary judgment, Defendant argues that even the least sophisticated debtor[1], having been informed by Defendant in the prior February 28, 2012 letter that the balance was subject to accrual of interest, would be put on notice and could not perceive the balance listed in the April 13, 2012 letter to be "static." (Doc. 8, pp. 10-12). Defendant states that it is not arguing against the logic in Michalek, but contends that because its initial collection letter disclosed that interest was accruing, its April 13, 2012 letter could not be construed as deceptive or misleading. (Doc. 8, p. 13).

In her brief in support of her motion for summary judgment, Plaintiff argues that the Michalek Court viewed each letter in isolation and argues the same should be done here. (Doc. 12, p. 12). Plaintiff argues that non-sophisticated consumers could be receiving a voluminous amount of messages and calls from debt collectors and it would be an unreasonable burden to expect consumers to recall prior communications. (Doc. 12, p. 12). Plaintiff cites multiple cases in which courts found that consumers should not be expected to draw connections between separate communications. (Doc. 12, p. 13), citing Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006), Drossin v. Nat'l Action Fin. Servs., Inc., 641 F. Supp. 2d 1314 (S.D. Fl. 2009), Kimball v. Frederick J. Hanna & Associates, P.C., No. 10–130, 2011 WL 3610129, at *4 (D.C. Minn. Aug. 15, 2011), Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004), Smith v. Am. Rev. Corp., No. 2:04-CV-00199-PRC, 2005 WL 1162906 (N.D. Ind. May 16, 2005). Plaintiff also highlights that the boilerplate language used by Defendant in

---

[1]To effectuate the remedial purpose of the FDCPA, communications from lenders should be analyzed from the perspective of the 'least sophisticated debtor.'" Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006). The least sophisticated debtor is gullible, trusting, and naive. Id.

the first letter includes the language, "(if applicable to your account)," and argues that this language is "far from a concrete statement that interest *will* accrue," and eliminates the effectiveness of this disclosure. (Doc. 12, pp. 15-16) (emphasis in original). Plaintiff also argues that Defendant's letter did not explain that interest would accrue until further notice and when reading the second letter the consumer has no way of knowing if the interest is still accruing. (Doc. 12, p. 16). Lastly, Plaintiff argues that if the consumer remembers the initial disclosure regarding accruing interest, the removal of the disclosure in the latter letter might create the impression that it was no longer applicable. (Doc. 12, p. 17).

In reply, Defendant again distinguishes the factual scenario sub judice from that in Michalek noting that nowhere in the four Michalek letters was the interest disclosure made. (Doc. 13, pp. 3-4). Defendant also distinguishes between Foti arguing that the disclosure in Foti is specifically required to be in every communication by the FDCPA under Section 1692e(11). (Doc. 13, p.5). Defendant argues that there is no statutory justification for requiring debt collectors to add the interest disclosure to every communication. (Doc. 13, p. 6). Defendant also argues that even if the representation was deceptive or misleading it must also be material, and because Defendant was offering to settle the matter for less that 50% of what she owed, it was not material. (Doc. 13, p. 7), citing Rogozinski v. NCO Fin. Sys., 2012 U.S. Dist. LEXIS 153894 (E.D. Pa. 2012). In reply, Defendant also raises concerns that Plaintiff is now raising a new claim that the first February 28, 2012 letter also is a violation of the FDCPA.[2]

---

[2]Based on the complaint and the January 1, 2013 stipulation, Plaintiff is seeking $1000 statutory damages, costs and attorney's fees for a single violation of the FDCPA based on the alleged deceptive nature of the April 13, 2012 letter. (Docs. 1-3 & 6). Insomuchas Defendant has contended that the April 13, 2012 letter is not deceptive in light of the February 28, 2012 letter, Plaintiff's arguments and characterizations of the February 28, 2012 letter will be

5

In reply, Plaintiff again argues that the Michalek Court considered each letter individually. Plaintiff states that the FDCPA does not require a debt collector to make an interest disclosure in every communication but the FDCPA does prevent a debt collector from mischaracterizing the amount of a debt in any communication. (Doc. 14, p. 3). Plaintiff again argues that a consumer should not be required to remember a disclosure made weeks earlier. (Doc. 14, p. 4). Defendant maintains that the misrepresentation is material, and in response to Defendant's argument that the letter was an offer to settle the debt at less than 50%, points out the Michalek Court addressed that argument and determined that the misrepresentation was material. (Doc. 14, p. 5).

The decision in Michalek is controlling in this matter.[3] Both parties agree that the April 13, 2012 letter, by itself without the initial interest disclosure contained in the February 28, 2012 letter, is a violation of the FDCPA based on the Michalek decision. See (Doc. 8, p. 13). However, Defendant makes two arguments: 1) the prior letter placed Plaintiff on notice of the accumulation of interest; and 2) any deception is immaterial as the April 13, 2012 letter was an effort to settle for less than 50% of the amount owed. The Michalek decision is controlling on this Court for both arguments.

Because it is determined that the Michalek Court made its determination viewing each

---

considered as they pertain to a consumer's understanding of the April 13, 2012 letter. Plaintiff will not be permitted, nor does the Undersigned believe Plaintiff is seeking (Doc. 14, p. 5), to obtain a judgment for a violation of the FDCPA, based on the deceptiveness of the February 28, 2012 letter.

[3]While the Michalek decision denied a motion for judgment on the pleadings, because whether the language of a letter violates the FDCPA is a question of law, the Michalek analysis is controlling on this motion for summary judgment. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 33 n.5 (3d Cir. 2011).

6

letter on an individual basis, it is concluded that the letter in question is deceptive in spite of the prior letter with the interest disclosure. In Michalek, the defendant, ARS, National Services, Inc., made multiple arguments that it sent "three subsequent letters, all of which contained a higher 'balance,'" thereby letting Michalek "know that the credit card debt continues to accrue interest." Brief in Support of Motion for Judgment on the Pleadings at 12, Michalek v. ARS, National Services, Inc., No. 11-01374 (M.D. Pa. filed October 18, 2011), ECF Doc. No. 7, citing Shaefer v. ARM Receivable Management, Inc., 2011 WL 2847768 (D. Mass. July 19, 2011) ("[T]here is nothing confusing or misleading about the increased amount of debt in the September 9, 2009 letter as even the most unsophisticated consumer would understand that credit card debt accrues interest.") (Schaefer quotation at p. 11); see also Brief in Support of Motion for Judgment on the Pleadings at 14, Michalek v. ARS, National Services, Inc., No. 11-01374 (M.D. Pa. filed October 18, 2011), ECF Doc. No. 7 ("[E]ven the most unsophisticated consumer would have understood that these incremental increases meant that the credit card was accruing interest."). These arguments, requesting that the letters be read together to place notice on Michalek of increasing balances, were made and rejected by the Court. Michalek, 2011 U.S. Dist. LEXIS 142976, *18-*19. Further, in concluding, the Court analyzes "ARS's letter" as missing the proper warning and as "a collection letter . . . in violation of the FDCPA for failing to offer prospective notice that a debt may increase." Id. at *19. Because it is determined that the Michalek Court made a determination that the debt amount contained in each letter individually was deceptive, it is determined that the debt amount contained in the April 13, 2012 letter is also deceptive

irrespective of the language contained in the prior letter.[4] Further, this Court is persuaded by Plaintiff's argument that a least sophisticated consumer, gullible, trusting, and naive (see Brown, 464 F.3d at 454), cannot be expected to recall an interest disclosure contained in a collection letter received six (6) weeks prior to a current communication. See Fields, 383 F.3d at 566 (An unsophisticated consumer could lose a prior communication and forget its content.). Accordingly, despite the May 28, 2012 letter containing the interest disclosure, the amount due contained in the April 13, 2012 letter, in accordance with the holding in Michalek, is deceptive and subject to two interpretations and is, as a matter of law, a violation of the FDCPA.

As to Defendant's argument that any deception in the April 13, 2012 letter was immaterial because the letter was an offer to settle for less than 50% of the amount due, it is noted that ARS also made offers to settle Michalek's debt for discounted amounts, which "were explicitly held open for specific periods and that would not expose Michalek to additional hidden interest." Michalek, 2011 U.S. Dist. LEXIS 142976, *2 & *16. ARS also made the argument that this was a settlement letter and "the letter was not seeking the full outstanding balance." Brief in Support of Motion for Judgment on the Pleadings at 19, Michalek v. ARS, National

---

[4]Plaintiff implies that there was a prior letter in the Michalek matter which could have contained an interest disclosure. (Doc. 12, pp. 11-12). In Michalek, ARS also made the distinction that the letters in question were "subsequent communications" and not validation notices covered by Section 1692(e). Reply Brief in Further Support of Motion for Judgment on the Pleadings at p. 8, n.2 & pp. 11-13, Michalek v. ARS, National Services, Inc., No. 11-01374 (M.D. Pa. filed November 23, 2011), ECF Doc. No. 14. Specifically, ARS argues that cases, having "found a violation of Section 1692(g)(a)(1) for failing to correctly state the "amount of the debt" is also a false statement in violation of Section 1692(e)(10)," are not applicable "here, because there was no Section 1692(g)(a)(1) violation in the first instance." Id. at 13. Accordingly, it can be inferred that ARS sent an initial validation letter. However, because ARS subsequently argues that even a Section 1692g(a)(1) validation letter need not include an interest disclosure, it cannot be inferred that the validation letter contained the interest disclosure, like the February 28, 2012 letter sub judice. See Id. at 13.

Services, Inc., No. 11-01374 (M.D. Pa. filed October 18, 2011), ECF Doc. No. 7; see also Reply Brief in Further Support of Motion for Judgment on the Pleadings p. 9, n.4, Michalek v. ARS, National Services, Inc., No. 11-01374 (M.D. Pa. filed November 23, 2011), ECF Doc. No. 14 (arguing that with regard to collection letters allowing for a discount that "any concern that the consumer may not know how much he may owe with the accrual of interest is illusory."), citing Kimmel v. Cavalry Portfolio Servs., LLC, No. 10–680, 2011 WL 3204841 (E.D. Pa. July 28, 2011). "[T]he Court decline[d] to adopt the reasoning expressed in Kimmel, and [followed] the lead of [Jones v. Midway Funding, LLC,755 F. Supp. 2d 393, 398 (D. Conn. 2010)] in concluding that such offers do not immunize a debt collector's duty of clarity." Michalek, 2011 U.S. Dist. LEXIS 142976, *16. Accordingly, the false representation of the amount due contained in the April 13, 2012 letter is not immaterial.

## IV. Conclusion

Defendant's April 13, 2012 collection letter is in violation of the FDCPA as a matter of law and judgment will be entered in favor of the Plaintiff in accordance with the stipulation (Doc. 6) of the parties.

A separate Order will issue.

United States District Judge

Date: August 29, 2013