**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ZOFIA LUKAWSKI,** | **Case No.: 3:12-cv-02082-WJN** |
| Plaintiff, | |
| v. | |
| **CLIENT SERVICES, INC.,** | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 29, 2013 ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN P.C.**

BY:    /s/ Ronald M. Metcho / rmm202807
RONALD M. METCHO, ESQUIRE
2000 Market St., 24th Floor
Philadelphia, PA 19103
215-575-2595 / 215-575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Client Services, Inc.

Dated: September 12, 2013

## **TABLE OF CONTENTS**

Table of Authorities ........................................................................ ii

Pertinent Procedural History ......................................................... 1

Statement of Facts ........................................................................ 2

Standard of Review........................................................................ 3

Argument ...................................................................................... 5

    **A.  The Court committed an error of law when it based its analysis upon Defendant's "agreement" that the April 13, 2012 letter violated the FDCPA, when Defendant made no such agreement.** ........................................................... 5

    **B.  The Court committed an error of law when it held that each letter must be analyzed separately, because the <u>Michalek</u> court's ability to do so was dependent upon the specific facts of Michalek.** .................................................... 7

    **C.   Courts have held that consumers <u>are</u> expected to remember details of prior communications with debt collectors, and as such the Court committed an error of law when it concluded that Plaintiff cannot be expected to recall CSI's prior interest disclosure.** ................................ 10

Conclusion .................................................................................. 18

Certification Pursuant to Local Rule 78.(B)(2) .............................. 19

Certificate of Service .................................................................... 20

# TABLE OF AUTHORITIES

## Cases

Campuzano-Burgos v. Midland Credit Management, Inc.,
550 F.3d 294, 299 (3d. Cir. 2008) ................................................ 15

Drossin v. Nat'l Action Fin. Servs., Inc., 641 F. Supp.2d 1314
(S.D. Fl. 2009) ............................................................................ 17

Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004)........ 16

Foti v. NCO Fin. Sys., Inc., 424 F.Supp.2d 643 (S.D.N.Y. 2006).... 17

Howard Hess Dental Labs v. Dentsply International, Inc.,
602 F.3d 237, 251 (3d. Cir. 2010) .................................................. 4

Lincoln Gen. Sin. Co. v. Kingsway Am. Agency, Inc.,
2013 U.S. Dist. LEXIS 20292 at *4 (M.D. Pa. February 6, 2013)..... 4

Majerowitz v. Stephen Einstein & Assoc., P.C.,
2013 U.S. Dist. LEXIS 115664
(E.D.N.Y. August 15, 2013) .............................................. 13, 14, 15

Michalek v. ARS National Systems, Inc.,
2011 U.S. Dist. LEXIS 142976 (M.D. Pa. 2011) .............. 5, 6, 7, 8, 9

North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194,
1218 (3d. Cir. 1995) ...................................................................... 4

Peterson v. Portfolio Recovery Associates, LLC,
430 Fed. Appx. 112 (3d. Cir. 2011)........................................ 11, 12

Wilson v. Quadramed Corp., 225 F.3d 250, 254-55
(3d. Cir. 2000) ............................................................................ 15

## **Statutes**

15 U.S.C. §1692, *et. seq.* .......................................... 7, 8, 10, 11, 13

## **Rules**

Fed. R. Civ. P. 12.............................................................................. 8

Fed. R. Civ. P. 56.............................................................................. 4

**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ZOFIA LUKAWSKI,** | **Case No.: 3:12-cv-02082-WJN** |
| Plaintiff, | |
| v. | |
| **CLIENT SERVICES, INC.,** | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST
29, 2013 ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S CROSS-
MOTION FOR SUMMARY JUDGMENT**

AND NOW comes Defendant Client Services, Inc., by and through its undersigned counsel, who respectfully submits this Memorandum of Law in Support of its Motion for Reconsideration of the Court's August 29, 2013 Order entering summary judgment in favor of Plaintiff.

## I. PERTINENT PROCEDURAL HISTORY

Plaintiff Zofia Lukawski commenced this claim by filing a Complaint in the Court of Common Pleas of Lackawanna County on September 18, 2012. See ECF 1-3. Defendant Client Services, Inc.

removed this matter to this Honorable Court on October 17, 2012. See ECF 1.  Following the close of discovery, both parties moved for summary judgment.  After full briefing, by Memorandum and Order of August 29, 2013, this Honorable Court simultaneously denied Defendant's Motion and entered judgment in favor of Plaintiff.

Defendant now moves for reconsideration of the Court's August 29, 2013 Order and respectfully submits that, for the reasons that follow, reconsideration is warranted to correct clear errors of law.  Defendant's Motion, filed in accordance with L.R. 7.10, is timely and ripe for disposition.

## II.   **STATEMENT OF FACTS**

Plaintiff opened, utilized, and defaulted on a Citibank, N.A. credit card account.  See ECF 7-1. Following Plaintiff's default, Citibank retained CSI to collect Plaintiff's delinquent credit card debt.  On February 28, 2012, CSI sent Plaintiff an initial collection letter on Citibank's behalf, seeking payment of $1,035.91.  The letter stated, in pertinent part, "[B]ecause of interest, late fees and other finance charges (if applicable to your account), your total balance due might be greater on the date you make a payment." See ECF 7, Exhibit "A".

2

On April 13, 2012, CSI sent Plaintiff a second letter that identified the current balance as $1,096.75.  <u>See</u> ECF 7, Exhibit "C".  The April 13, 2012 settlement letter did not repeat the language concerning accrual of interest that appeared in CSI's February 28, 2012 initial communication.  <u>Id</u>.

Plaintiff subsequently filed a Complaint against CSI, claiming that CSI's April 13, 2012 letter was deceptive and misleading because it did not place Plaintiff on notice that interest could accrue on the debt.  <u>See</u> ECF 1-3.  Plaintiff argues that the letter could "have two meanings, one of which is inaccurate," because it, unlike CSI's first letter, made no mention of the accrual of interest. <u>See</u> ECF 7, Exhibit D, ¶ 13.  Put differently, Plaintiff claims that, in spite of having been informed by CSI's initial communication of interest accrual, the omission of this information from subsequent correspondence rendered the April 13, 2012 letter deceptive and misleading.

## III.  **STANDARD OF REVIEW**

As the Third Circuit stated:

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.

3

> Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Howard Hess Dental Labs v. Dentsply International, Inc., 602 F.3d 237, 251 (3d. Cir. 2010); see also North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d. Cir. 1995).

"The standard of review for a motion for reconsideration relates back to the standard applicable in the underlying decision." Lincoln Gen. Sin. Co. v. Kingsway Am. Agency, Inc., 2013 U.S. Dist. LEXIS 20292 at *4 (M.D. Pa. February 6, 2013).  Here, the Court's Order was governed by Fed. R. Civ. P. 56(c), which allows for the dismissal of complaints where the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also ECF 16, p. 2.

## IV.   ARGUMENT

> A.   *The Court committed an error of law when it based its analysis upon Defendant's "agreement" that the April 13, 2012 letter violated the FDCPA, when Defendant made no such agreement.*

In its Memorandum, the Court states, "Both parties agree that the April 13, 2012 letter, by itself without the initial[1] interest disclosure contained in the February 28, 2012 letter, is a violation of the FDCPA based on the Michalek decision." See ECF 16, p. 6. In support of this statement, the Court cites to page 13 of Defendant's Memorandum of Law in Support of its Motion for Summary Judgment, which states:

> To be clear, CSI is not arguing against the application of the logic in Michalek in this motion. Rather, CSI contends that the initial collection letter, which effectively disclosed the fact that interest could accrue, reflects

[1] Defendant notes the Court's employment of the term "initial" interest disclosure as illustrative of the fundamental error in the Court's reasoning and application of Michalek: to the extent *any* initial interest disclosure is required by the FDCPA (which it is not), an "initial interest disclosure" would, by definition, have to be contained *within a debt collector's initial communication.* This, of course, is precisely what CSI's February 28, 2012 letter accomplished – it provided Plaintiff, at the inception of debt collection efforts, that interest would accrue on her account.   *None* of the letters at issue in Michalek contained an "initial interest disclosure", and it is this factual distinction which renders the Court's application of Michalek in this case legally erroneous.

> adherence to the holding in <u>Michalek v. ARS</u>
> <u>National Systems, Inc.</u>, 2011 U.S. Dist. LEXIS
> 142976 (M.D. Pa. 2011).   Because the
> February 28, 2012 initial collection letter from
> CSI unequivocally and effectively placed
> Plaintiff on notice that interest may accrue on
> her debt account, CSI's conduct did not violate
> the FDCPA and its April 13, 2012 letter cannot
> be reasonably or rationally construed as
> deceptive or misleading.

<u>See</u> ECF 8, p. 13.

Nowhere in this paragraph does CSI concede or agree that "the April 13, 2012 letter, by itself without the initial interest disclosure contained in the February 28, 2012 letter, is a violation of the FDCPA based on the <u>Michalek</u> decision" as the Court states in its Memorandum.  To the contrary, CSI's Memorandum simply agreed that the <u>Michalek</u> *logic* was appropriate under the <u>Michalek</u> *facts* – and that due to the differing facts at issue in this case, application of the <u>Michalek</u> court's reasoning required this Court to reach the opposite conclusion as that reached in <u>Michalek</u>.  Nothing in CSI's Memorandum could be construed as a "agreement" that the April 13, 2012 letter violated the FDCPA, and the evidentiary record is similarly lacking of any such agreement or concession.  As such, the Court's analysis is based upon a clear error of law, and

6

reconsideration of the Court's Order is warranted to rectify this error.

> B. *The Court committed an error of law when it held that each letter must be analyzed separately, because the Michalek court's ability to do so was dependent upon the specific facts of Michalek.*

In her opposition to Defendant's Motion for Summary Judgment, Plaintiff relied primarily on Michalek, which held that four collection letters, *none of which made any representations about the accrual of interest*, were subject to two different interpretations, and were therefore deceptive under §1692e(10). Michalek, 2011 U.S. Dist. LEXIS 142976 at *11.  Plaintiff argued that, in accordance with Michalek, each of CSI's letters to Plaintiff must be evaluated individually, because it would be "unreasonably burdensome" to expect unsophisticated consumers, who may be receiving "voluminous" communications from a host of debt collectors, to remember details of prior communications.  See ECF 16, p. 6.  Thus, Plaintiff asked the Court to evaluate the April 13, 2012 letter on its own, without taking into account the February 28, 2012 letter that contained the interest disclosure.  Id.

The Court, in its August 29, 2013 Memorandum, agreed with Plaintiff and held that both the analysis and the outcome in <u>Michalek</u> are controlling.  In so doing, the Court committed an error of law, because the key distinction between this case and <u>Michalek</u> – the presence of an initial interest disclosure in the February 28, 2012 initial correspondence – renders application of <u>Michalek</u> untenable as a matter of law.

In simple terms, the <u>Michalek</u> court was only able to conduct its analysis in the manner it did, because *none* of the letters at issue contained an interest disclosure, initial or otherwise.  Each letter simply contained a "balance".  This wholesale omission of *any* interest disclosure is what rendered each individual letter *potentially*[2] deceptive or misleading.  Here, as this Court acknowledges, the February 28, 2012 letter *did* contain a disclosure that interest may accrue on Plaintiff's debt account, even though the FDCPA requires no such disclosure.  <u>See</u> ECF 16, p. 6.  In <u>Michalek</u>, the question was whether the omission of *any* interest

---

[2] The <u>Michalek</u> court did not definitively determine that the letters *were* deceptive or misleading, or otherwise violated the FDCPA.  Rather, the Court simply determined, in accordance with the standards applicable to Rule 12(b)(6) motions, that the <u>Michalek</u> plaintiff pled sufficient facts to survive a Rule 12 challenge.

disclosure, and the use of the term "balance", with no previous or subsequent explanation of how the "balance" was calculated, was deceptive or misleading.  Here, the question is whether CSI's initial interest disclosure sufficiently placed Plaintiff on notice of the accrual of interest.

This key factual distinction therefore renders <u>Michalek</u> *instructive*, but not *controlling* as this Court held.  The <u>Michalek</u> court never reached the salient question of whether an initial disclosure of the accrual of interest sufficiently placed the least sophisticated consumer on notice that the balance was not "static" – because there was no such disclosure, initial or otherwise, to consider.  The <u>Michalek</u> court held that all four letters were independently deceptive because each of the "collection letters failed to reference the accrual of interest."  <u>Michalek</u>, 2011 U.S. Dist. LEXIS at *11.  Here,  CSI's collection letter ***did*** reference the accrual of interest.  By disregarding this vital factual distinction, the Court misapplied both the legal reasoning in <u>Michalek</u> as well as the logic underlying it.  This Court must reconsider its August 29, 2013 decision to rectify this clear error of law.

C. *Courts have held that consumers <u>are</u> expected to remember details of prior communications with debt collectors, and as such the Court committed an error of law when it concluded that Plaintiff cannot be expected to recall CSI's prior interest disclosure.*

In its Memorandum, the Court further concluded that a "gullible, trusting, and naïve" consumer cannot be expected to recall CSI's initial interest disclosure, which Plaintiff received approximately 6 weeks prior to CSI's April 13, 2012 letter. <u>See</u> ECF 16, p. 8. CSI acknowledges that the "least sophisticated consumer" standard is low, but reiterates that such a standard was not intended to promulgate "bizarre or idiosyncratic interpretations of collection notices", and was certainly not intended to reward willful ignorance or selective cognition by consumers. By essentially holding that an initial interest disclosure is insufficient, the Court committed a clear error of law and reconsideration is necessary to address this error.

As a threshold matter, CSI notes that the FDCPA *explicitly* condones the sufficiency of initial disclosures – that is, the FDCPA recognizes that where certain disclosures are made in an initial communication, they need not thereafter be repeated in later communications. 15 U.S.C. §1692g itemizes certain initial

disclosures required[3] by the statute.   Importantly, once these disclosures are made, *they need not be made in subsequent communications*, because the initial disclosures are sufficient to place consumers on notice of their rights under §1692g of the FDCPA.   Subsequent communications must contain certain information so as not to run afoul of §1692e(11), but they need not contain a wholesale repetition of the language required by §1692g, as such a requirement would render §1692g moot.

Indeed, the Third Circuit embraced this very concept of the sufficiency of initial disclosures in <u>Peterson v. Portfolio Recovery Associates, LLC</u>, 430 Fed. Appx. 112 (3d. Cir. 2011).   The Court observed:

> The FDCPA states clearly that a validation notice must accompany or follow a debt collector's "initial communication" with a consumer.   **We agree with the common-sense conclusion reached by other courts that "there can be only *one* 'initial communication' between a debt collector and a consumer, and any communication that follows the 'initial communication' is necessarily *not* an 'initial' communication."**   Faced with cases in which a validation notice did accompany an initial communication, but

---

[3] Disclosure of the accrual of interest is <u>not</u> one of the mandatory disclosures required by 15 U.S.C. §1692g.

the plaintiff argued that the FDCPA was violated by subsequent communications lacking such a notice, **courts have concluded that a debt collector has no obligation to send a validation notice with any communication other than the initial communication.**

Peterson, 430 Fed. Appx. at 114. (Citations omitted, emphasis added). The Third Circuit thus recognized that the FDCPA does not require debt collectors to continually repeat the same language over and over again in order to educate even the "least sophisticated consumer". To the contrary, the Third Circuit acknowledged and embraced the FDCPA's utilization of the initial communication with a consumer as an appropriate and sufficient means of providing the consumer with information about the debtor's account. While not expressly stated, this logic necessarily contemplates that consumers – even unsophisticated ones – are capable of, and expected to, read collection notices and retain the material information from one collection notice to the next.

The same logic governs this case: CSI, in its initial collection letter, provided Plaintiff with – to use this Court's vernacular – an initial interest disclosure, advising her that interest may accrue on her account. As the Third Circuit observed, there can be only one

"initial" communication, and by the Court's own acknowledgement, CSI's initial communication contained an initial interest disclosure addressing the balance and the reason why the balance may change.  <u>See</u> ECF 16, p. 6.  Just as the §1692g initial disclosures need not appear in each subsequent communication, so too did CSI have no obligation under the FDCPA to reiterate the accrual of interest after having made Plaintiff aware of such accrual in its initial communication.  By judicially creating a requirement not set forth under the FDCPA, and by rejecting the propriety of initial disclosures in the face of the FDCPA's clear and unequivocal acceptance of such initial disclosures, the Court committed a clear error of law which warrants reconsideration.

In addition, the Court's rejection of <u>any</u> responsibility by the consumer to read collection notices and retain certain information from communication to communication constitutes a clear error of law that must be corrected.  While the "least sophisticated consumer" sets an unquestionably low bar, it is not *so* low as allow consumers to ignore prior communications with debt collectors for the purpose of constructing FDCPA claims.  This was recently reiterated in <u>Majerowitz v. Stephen Einstein & Assoc., P.C.</u>, 2013

13

U.S. Dist. LEXIS 115664 (E.D.N.Y. August 15, 2013), in which the plaintiff alleged that a debt collector left him five (5) voicemails in which the collector failed to give the full "mini-Miranda" warning: that is, the collector failed to disclose that the calls were from a debt collector attempting to collect a debt, and that any information obtained would be used for debt collection purposes. <u>Majerowitz</u>, 2013 U.S. Dist. LEXIS at *4-5. The plaintiff had had several written and verbal communications with the collector and the collector's office, during which the collector disclosed his identity as a debt collector. The court held that, in light of the plaintiff's prior communications with the collector in which the mini-Miranda warnings *were* given, "even the most gullible consumer... would know that defendant was a debt collector attempting to collect a debt" because of the prior communications with the defendant. <u>Id</u>. at *8-9. The court reaffirmed that the FDCPA contained no requirement "that defendant repeatedly add after its name what plaintiff surely knew, that it was a debt collector." <u>Id</u>. at *10. The court held that to find a violation under the facts presented, where plaintiff's prior communications with the debt collector *clearly* placed him on notice that the defendant was a collector attempting

to collect a debt, would amount to "a bizarre and idiosyncratic construction of" the FDCPA.  Id.

The facts of this case demand application of the same logic espoused by the Majerowitz court.  Clearly, while the "least sophisticated consumer" sets a low standard, it does not permit consumers to dispense with all reason or to exercise willful ignorance.  Here, CSI's initial communication informed Plaintiff that interest may accrue on her account.  CSI was under no obligation to continually remind her of this.  Plaintiff, however, *was* under an obligation to read CSI's initial collection letter in its entirety, and the "least sophisticated consumer" standard, though admittedly low, nevertheless presumes "a basic level of understanding" such that Plaintiff was appropriately informed that interest could accrue on her account.  See Wilson v. Quadramed Corp., 225 F.3d 250, 254-55 (3d. Cir. 2000); Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d. Cir. 2008).

Plaintiff acknowledged receiving CSI's February 28, 2012 letter (see ECF 7, Exhibit "B"), and thus, under the standard employed by the Third Circuit, she was obligated to read it in its entirety and, as a "least sophisticated consumer", is presumed to have "a basic level

of understanding" as to what CSI meant when it informed her that her "total balance due might be greater on the date you make a payment… because of interest, late fees and other finance charges". See ECF 7, Exhibit "A".  To find that Plaintiff was not obligated to, or was somehow incapable of[4], reading the February 28, 2012 letter in its entirety and comprehending the basics of its contents is neither supported by the FDCPA nor its interpreting jurisprudence. The Court's conclusion to the contrary constitutes a clear error of law warranting correction by reconsideration.

Finally, CSI must note that the cases relied upon by the Court in reaching its conclusion that Plaintiff has no obligation to pay heed to prior communications from debt collectors were erroneously construed and cannot support the Court's conclusion in this case. In Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004), for example, the Seventh Circuit held that a debt collector's initial letter was misleading because it did not disclose the reason why the

---

[4] Plaintiff's Memorandum of Law is replete with insinuations that *if* a least sophisticated consumer was receiving multiple communications from multiple debt collectors, such a consumer *might* not remember which communication came from which debt collector and might thus be confused.  However, the record lacks <u>any</u> evidence that *Plaintiff* was receiving numerous communications such that she was incapable of comprehending CSI's basic warning that her balance may change from day to day due to interest accrual.

collector sought an amount some $266.48 more than the original balance. In this case, CSI disclosed, in its original communication, that balance would accrue on the Plaintiff's account. <u>Foti v. NCO Fin. Sys., Inc.</u>, 424 F.Supp.2d 643 (S.D.N.Y. 2006) and <u>Drossin v. Nat'l Action Fin. Servs., Inc.</u>, 641 F. Supp.2d 1314 (S.D. Fl. 2009) both involved debt collectors' failure to make certain initial disclosures explicitly required by the FDCPA. Here, all explicitly required initial disclosures were made, and CSI even went so far as to make an initial disclosure concerning the accrual of interest, even though the FDCPA imposes no such obligation. Not one of the cases referred to in the Court's Memorandum absolves consumers from reading collection notices in their entirety, nor do they empower consumers with the right to willfully ignore prior collection notices for the purpose of manufacturing claims under the FDCPA.

## V.    <u>CONCLUSION</u>

Because CSI has met its burden of demonstrating that reconsideration is warranted to correct a clear error of law, CSI respectfully requests that this Honorable Court grant its Motion and enter summary judgment in favor of Defendant.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN P.C.**

BY:     */s/Ronald M. Metcho / rmm202807*
RONALD M. METCHO, ESQUIRE
2000 Market St., 24th Floor
Philadelphia, PA 19103
215-575-2595 / 215-575-0856 (f)
rmmetcho@mdwcg.com
Attorneys for Defendant
Client Services, Inc.

Dated: <u>September 12, 2013</u>