# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZOFIA LUKAWSKI,           :
             Plaintiff    :    3:12-CV-02082
                             :
    v.                :
                             :    (JUDGE NEALON)
CLIENT SERVICES, INC.,    :
             Defendant    :

FILED SCRANTON OCT 3 0 2013 PER _____ DEPUTY CLERK

## MEMORANDUM

On September 18, 2012, Plaintiff, Zofia Lukawski, commenced this action by filing a complaint in the Pennsylvania Court of Common Pleas of Lackawanna County alleging that Defendant, Client Services, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") by mailing a deceptive letter to Plaintiff in an attempt to collect a debt. (Doc. 1-3). After removal to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1331, the parties filed cross-motions for summary judgment. (Docs. 7 & 11). On August 29, 2013, Plaintiff's motion was granted and judgment was entered in Plaintiff's favor. (Doc. 17).

On September 12, 2013, Defendant filed a motion for reconsideration which the parties have briefed. (Docs. 20-22 & 25). For the reasons that follow, the motion for reconsideration will be denied.

## I. Standard of Review

"A motion for reconsideration is a device of limited utility." Bartelli v. Fedak, 2006 U.S. Dist. LEXIS 29697, *4 (M.D. Pa. 2006) (Kosik, J.). It may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Harasco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.). A motion for reconsideration may also be appropriate in instances where the court has misunderstood a party, or has made a decision outside the adversarial issues presented to the court, or has made an error not of reasoning, but of apprehension. See Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (Vanaskie, J.), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Bartelli, 2006 U.S. Dist. LEXIS at *4, citing Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Rinaldi v. Sniezek, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments already disposed of or as an attempt to relitigate a point of disagreement between the court and the litigant. See Turner v. Apker, 133 Fed. Appx. 849, 850 (3d Cir. 2005); Sibio, 2007 U.S. Dist. LEXIS at 35383. "Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts." Dougherty v. Farmers New Century Insurance Company, 2007 U.S. Dist. LEXIS 26058, *6 (M.D. Pa. 2007) (Nealon, J.), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

## II. Statement of Facts

Plaintiff contracted with Citibank, N.A., to open a MasterCard account and accrued debt on the account, and, in 2011, Plaintiff ceased making payments on her account causing it to become delinquent. (Doc. 7-1, ¶¶ 1-2) admitted in (Doc. 9, ¶¶ 1-2). On February 28, 2012, Defendant, being retained by Citibank, N.A., sent to Plaintiff, and Plaintiff received, a collection letter attempting to collect the debt on the account. (Doc. 7-1, ¶¶ 3-4) admitted in (Doc. 9, ¶¶ 3-4). The February 28, 2012 letter stated "as of the date of this letter your total balance due is $1,035.91" and "because of interest, late fees, and other finance charges (if applicable to your account), your total balance might be greater on the date you make a payment." (Doc. 7-2, p. 1). On April 13, 2012, Defendant issued a second collection letter to Plaintiff indicating that the "Balance Due" was $1,096.75. (Doc. 7-1, ¶ 7) admitted in (Doc. 9, ¶ 7). The April 13, 2012 letter informed that the "creditor agreed to accept $493.54 as settlement in full" but nowhere stated that interest could accrue or the balance could increase. (Doc. 7-4).

At all relevant times, Defendant was acting as a "debt collector" as the term is defined by the FDCPA and was attempting to collect a "debt" as the term is defined by the FDCPA. (Doc. 6).

## III. Discussion

On August 29, 2013, this Court determined that the April 13, 2012 collection letter from Defendant to Plaintiff was a violation of the FDCPA in accordance with <u>Michalek v. ARS National Systems, Inc.</u>, 2011 U.S. Dist. LEXIS 142976 (M.D. Pa. 2011). (Docs. 16-17). Defendant's arguments distinguishing the matter <u>sub judice</u> from <u>Michalek</u> were rejected and judgment was entered in favor of Plaintiff.

In its current motion, Defendant contends that this Court committed an error of law by: (1) basing "its analysis upon Defendant's 'agreement' that the April 13, 2012 letter violated the FDCPA, when Defendant made no such agreement;" (2) holding "that each letter must be analyzed separately, because the Michalek court's ability to do so was dependent upon the specific facts of Michalek;" and (3) concluding "that Plaintiff cannot be expected to recall CSI's prior interest disclosure" despite the fact that "Courts have held that consumers are expected to remember details of prior communications with debt collectors." (Doc. 21, pp. 9, 11, 14) (emphasis in original).

In the August 29, 2013 Memorandum, this Court made the following statement: "Both parties agree that the April 13, 2012 letter, by itself without the initial[1] interest disclosure contained in the February 28, 2012 letter, is a violation of the FDCPA based on the Michalek decision." (Doc. 16, p. 6). This was based on the following argument from Defendant:

> To be clear, CSI is not arguing against the application of the logic in Michalek in this motion. Rather, CSI contends that the initial collection letter, which effectively disclosed the fact that interest could accrue, reflects adherence to the holding in Michalek. Because the February 28, 2012 initial collection letter from

---

[1]This Court utilized the term "initial" as it was repeatedly used by Defendant and Plaintiff throughout their arguments to describe the February 28, 2012 letter and its notice that interest might be accruing. See (Doc. 8, pp. 4, 6, 8, 11-13) ("initial collection letter" at pages 4, 6, 8, 11, 13; "initial February 28, 2012 letter" at page 5; "initial letter" at pages 11, 12; and "initial CSI letter" at page 12); (Doc. 12, pp. 7, 10, 16) ("initial disclosure" at page 7; "initial letter" at page 10; "disclosure in the initial letter" at page 15; and "initially accrue" at page 16); (Doc. 13, p. 2) ("initial letter"); see also (Doc. 12, p. 12) ("interest disclosure"); (Doc. 14, pp. 2-3) ("interest disclosure"). The Court was aware, and is aware, that interest is not a disclosure specifically enumerated in the FDCPA, which Defendant highlighted in its prior arguments. See (Doc. 13, pp. 5-6). The Court was, and is, also aware that an "initial interest disclosure" is not specifically enumerated in the requirements of a debt collector's initial communication. See 15 U.S.C. §§ 1692e(11) & 1692g. For efficiency, the Undersigned utilized the words "initial interest disclosure" instead of "the disclosure regarding the possible accrual of interest which was made in the prior February 28, 2012 letter."

4

> CSI unequivocally and effectively placed Plaintiff on notice that interest may accrue on her debt account, CSI's conduct did not violate the FDCPA and its April 13, 2012 letter cannot be reasonably or rationally construed as deceptive or misleading.

(Doc. 8, p. 13). Defendant now asserts that it did not make any such agreement or concession and the Court erred in its interpretation of the above cited language. Based on the above argument and the fact that Defendant never claimed that the April 13, 2012 letter on its face was not deceptive[2], the Court concluded that Defendant was conceding that conclusion. However, Defendant is now adamant that it never made such a concession.

The Court need not parse the above language as the language and/or the construed concession/agreement were not germane to the ultimate underlying conclusion. This Court finds that if the April 13, 2012 letter were the only communication between the parties, it would be found to be deceptive and a violation of the FDCPA in accordance with the Michalek decision. See Michalek, 2011 U.S. Dist. LEXIS 142976 at *11 (Collection letters failing to reference the accrual of interest "are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10)."). This Court reached this conclusion based on its own review of the language of the April 13, 2012 letter and the holding in Michalek and not

---

[2]Nowhere in its motion for reconsideration or briefs is Defendant currently arguing that the April 13, 2012 letter on its own is not deceptive or not a violation of the FDCPA. (Doc. 20-21 & 25). Defendant sets forth no argument contradicting this Court's conclusion of law, that its April 11, 2013 letter standing alone was deceptive. Rather, Defendant only claims that it did not concede the issue. Ironically, in its brief Defendant describes the "key factual distinction" and the "vital factual distinction" as the "initial interest disclosure" and, in its reply brief, Defendant states that "the key difference between [Michalek and the case sub judice]" is "the presence of the interest disclosure in the first letter." (Doc. 21, p. 13) and (Doc. 25, p. 2). However, Defendant now takes the position that if the only letter sent were the April 13, 2012 letter, which set forth an amount due but failed to state that interest was accumulating, the April 13, 2012 letter would not be deceptive in accordance with "the application of the logic of Michalek."

5

based on any argument or lack thereof by Defendant. Although the Undersigned did not state such a conclusion but rather interpreted Defendant's arguments to concede this issue, that conclusion was made as an underlying basis in the ultimate decision to find for Plaintiff. Accordingly, because the alleged error, finding that Defendant conceded said issue, would not change the resolution, such error is harmless. Defendant has not established a manifest injustice worthy of reconsideration. See Clark v. Sneizek, 266 Fed. Appx. 212, 214 (3d Cir. 2008) (Affirming the denial of a motion for reconsideration where the district court mischaracterized and stated an argument in error but such mischaracterization did not affect the correctness of the ultimate conclusion.). The motion for reconsideration will be denied on this ground.

Defendant's second argument is a rehash of its prior arguments citing no new caselaw. Defendant again asserts that the facts of this matter are distinguishable from Michalek. This Court is aware, and was aware on August 29, 2013, that Defendant's initial letter disclosed that interest may[3] accrue. After a review of all pleadings in the Michalek matter, this Court inferred that the debt collector in the Michalek matter sent an initial validation letter, but this Court did not infer that it contained an interest disclosure. See (Doc. 16, p. 8, n.4), citing Reply Brief in Further Support of Motion for Judgment on the Pleadings at p. 8, n.2 & pp. 11-13, Michalek v. ARS, National Services, Inc., No. 11-01374 (M.D. Pa. filed November 23, 2011), ECF Doc. No. 14, p. 13. This Court was aware of this factual distinction between the matter sub judice and Michalek when it made its decision on the motions for summary judgment. Accordingly,

---

[3]The February 28, 2012 letter stated "as of the date of this letter your total balance due is $1,035.91" and "because of interest, late fees, and other finance charges (if applicable to your account), your total balance might be greater on the date you make a payment." (Doc. 7-2, p. 1) (emphasis added).

Defendant's motion for reconsideration based on this argument will also be denied.

Further, Defendant highlights that this Court used the term "controlling" in regards to Michalek and the current facts. (Doc. 21, p. 13). The United States Supreme Court has held that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Camreta v. Greene, 131 S. Ct. 2020, 2030, n.7, 179 L. Ed. 2d 1118 (U.S. 2011), citing 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011). However, the Third Circuit Court of Appeals defines judicial precedent as follows: "[a] judicial precedent attaches a specific legal consequence to a detailed set of facts in an adjudged case or judicial decision, which is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar facts and arising on the same court or a lower court in the judicial hierarchy." Allegheny County Gen. Hosp. v. NLRB, 608 F.2d 965, 969-970 (3d Cir. 1979) (footnote omitted). Regardless, the judges of the United States District Court for the Middle District of Pennsylvania have historically given great weight to the decisions of its other members to create uniformity and promote finality on legal issues. Here, the word persuasive or instructive may have been more appropriate than controlling. Nevertheless, what was clear is this Court's deference to the decision of the Honorable A. Richard Caputo, and this Court's rejection of Defendant's arguments of distinction between the Michalek matter and that sub judice.

Finally, Defendant contends that "the Court committed an error of law when it concluded that Plaintiff cannot be expected to recall CSI's prior interest disclosure." (Doc. 21, p. 14). This issue was also argued in detail in both Defendant's and Plaintiff's prior filings. See (Doc. 12, pp. 6, 12-15); (Doc. 13, p. 5) (arguing against the requirement of an interest disclosure in each

communication.) (Doc. 14, p. 4). This Court held that "a least sophisticated consumer, gullible, trusting, and naive (see [Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006)]), cannot be expected to recall an interest disclosure in a collection letter received six (6) weeks prior to a current communication. See [Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004)] (An unsophisticated consumer could lose a prior communication and forget its content)." (Doc. 16, p. 8). It was determined, in accordance with Michalek, that the April 13, 2012 letter was deceptive irrespective of the language contained in the February 28, 2012 letter. (Doc. 16, pp. 7-8). The Undersigned did not reject "any responsibility by the consumer to read collection notices and retain certain information from communication to communication," and did not reject a debtor's obligation to read collection notices in their entirety. (Doc. 21, p. 17) and (Doc. 25, p. 8). Additionally, the Court is not persuaded by Defendant's reliance on Peterson v. Portfolio Recovery Associates, LLC, 430 Fed. Appx. 112 (3d. Cir. 2011) (finding claims based on a debt collector's initial communication under Section 1692g(a) are barred by the one-year statute of limitations), Majerowitz v. Stephen Einstein & Assoc., P.C., 2013 U.S. Dist. LEXIS 115664 (E.D.N.Y. August 15, 2013) (discussing the failure to disclose that a communication was from a debt collector), and Jones v. Midland Funding, LLC, 2012 U.S. Dist. LEXIS 50879 (D. Conn. 2012) (analyzing the deceptiveness of an initial communication for violations of Section 1692g(a) and not analyzing subsequent letters). It is again concluded that Defendant's February 28, 2012 letter, which indicated that interest may apply to Plaintiff's debt, does not change the deceptive nature of Defendant's April 13, 2012 letter which included a specific amount of debt but did not indicate that interest would apply. See Michalek, 2011 U.S. Dist. LEXIS 142976 at *11 (Collection letters failing to reference the accrual of interest "are subject to two different

interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).").

Further, nothing prevented Defendant from making its detailed arguments, see (Doc. 21, pp. 14-17) and (Doc. 25, pp. 2-5), on this issue in its submissions regarding the motion for summary judgment. Also, Defendant sets forth no new binding, controlling, or persuasive law on this issue. Accordingly, Defendant's motion for reconsideration will be denied.

## IV. Conclusion

Defendant has not demonstrated an intervening change in controlling law, the availability of new evidence that was not previously available, or the need to correct a clear error of law or fact or to prevent manifest injustice which would change the ultimate resolution. See Rinaldi, 2008 U.S. Dist. LEXIS 46547 at *2. Defendant's April 13, 2012 collection letter is in violation of the FDCPA and Defendant's motion for reconsideration will be denied.

A separate Order will issue.

/s/ William J. Nealon
United States District Judge

Date: October 30, 2013