# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZOFIA LUKAWSKI, :
:
    Plaintiff : 3:12-CV-02082
:
v. :
: (JUDGE NEALON)
CLIENT SERVICES, INC., :
:
    Defendant :

## MEMORANDUM

On September 18, 2012, Plaintiff, Zofia Lukawski, commenced this action by filing a complaint in the Pennsylvania Court of Common Pleas of Lackawanna County alleging that Defendant, Client Services, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA"). (Docs. 1-3). After removal to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b), on August 29, 2013, summary judgment was granted in favor of Plaintiff, and on October 30, 2013, Defendant's motion for reconsideration was denied. (Docs. 17 & 28).

On September 30, 2013, Plaintiff filed a motion for an award of attorney's fees and costs and the parties have filed briefs on said motion and supplemental caselaw. (Docs. 23-24, 26 & 29-30). For the reasons that follow, the motion will be granted and Plaintiff will be awarded attorney's fees and costs in the amount of $24,938.21.

Under the FDCPA, a successful plaintiff is entitled to actual damages, additional damages as the court may allow not to exceed $1000, and the cost of the action, together with reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a). Attorney's fees are not to be

construed as a special or discretionary remedy but are mandatory for successful litigants. Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). Because the statute lists factors to be considered in the award of statutory damages but does not list factors for attorney's fees, it is inappropriate to consider the damages factors in a determination of "reasonable" in Section 1692k(a)(3). Id. at 114. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986). The party seeking fees bears the burden of producing evidence that the claimed rates and time expended are reasonable. Delaware Valley Citizens' Council for Clean Air, 478 U.S. at 564, citing Blum v. Stenson, 465 U.S. 886, 897 (1984).

Plaintiff originally requested an award of attorney's fees and costs of $20,945.66. (Doc. 23, p. 1). This request includes a $315 per hour rate for lead attorney Carlo Sabatini for 25.7 hours, a $300 per hour rate for lead attorney Carlo Sabatini for 6.7 hours, a $240 per hour rate for associate Lindsey Tice for 46.5 hours, a $225 per hour rate for associate Brett Freeman for 27.1 hours, and a $95 per hour rate for paralegals for 1.5 hours, totaling $27,505.50. See (Doc. 23-1, pp. 3, 13-21). Plaintiff's counsel factored in a discount of $4,395, equaling $23,110.50 then added in costs of $162.46 equaling $23,272.96. Id. Plaintiff subtracts an additional discount of $2,327.30 ("to account for any minor issues that Defendant had with the requested time") for a total request of $20,945.66. (Doc. 29, p. 22) & (Doc. 23, p. 1). In support of the rates requested, Plaintiff submits affidavits from other FDCPA plaintiff attorneys. (Docs. 23-2 through 23-6).

2

Defendant seeks to lower the rates requested by Plaintiff arguing that the rate requested is "out-of-line with the established rates for FDCPA attorneys within the Middle District of Pennsylvania." (Doc. 26, pp. 4-12) Defendant also seeks to eliminate clerical, vague, duplicative, and non-billable time entries. (Doc. 26, pp. 4, 12-21). After eliminating excess billing and lowering the rates, Defendant contends that Plaintiff is entitled to $12,187.50 in attorney's fees and $162.46 in costs, totaling $12,349.96. (Doc. 26, p. 21).

In reply, Plaintiff concedes a small amount of Defendant's objections pertaining to clerical billing, but submits that any meritorious objections are more than offset by the 10% discount already applied to the original bill. (Doc. 29, pp. 22-23). Plaintiff also defends the hourly rates and argues that Defendant has introduced no evidence rebutting Plaintiff's affidavits establishing a prima facie case of the "community market rate." (Doc. 29, p. 12), citing Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996). In addition to the original total request of $20,945.66, Plaintiff requests an additional $6,000.00 of attorney's fees to be compensated for the time spent in replying to Defendant's objection to Plaintiff's original request. (Doc. 29, p. 5). Plaintiff submits that her counsel spent over forty (40) hours on the reply brief, yet only seeks $6000.00, which amounts to a deduction of $5,857.50 ($11,857.50 - $6000). (Doc. 29-2, pp. 2-4).

This Court will first address the objection to the billing rates. "The reasonable hourly rate is calculated 'according to the prevailing market rates in the community.'" Brown v. Trueblue, Inc., 2013 U.S. Dist. LEXIS 158476, *5 (M.D. Pa. 2013), citing Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). "When determining the proper hourly rate, the Court must consider prevailing market rates and the skill and experience of the prevailing parties' attorneys."

Id. A little over two (2) years ago, Magistrate Judge Martin C. Carlson evaluated hourly rates awarded in FDCPA actions in the United States District Court for the Middle District of Pennsylvania and determined a benchmark fee rate of between $200 and $300. O'Quinn v. Recovery Partners, LLC, 2011 U.S. Dist. LEXIS 79400 (M.D. Pa. June 27, 2011) (Report and Recommendation), adopted, 2011 U.S. Dist. LEXIS 79401 (M.D. Pa. July 21, 2011). Magistrate Judge Carlson recommended, and then Chief Judge Yvette Kane adopted, reducing the rate of Brent F. Vullings, Esquire, from the requested $325 per hour, to $250 per hour, noting:

> we find that our own assessment of fee award hourly rates approved by the courts in this district suggests that an attorney of plaintiff counsel's background, and experience in this particular legal marketplace typically commands a fee rate of between $200 and $300. See, e.g., Haines v. Forbes Road School Dist., No. 07-851, 2010 WL 56101 (M.D. Pa. Jan. 5, 2010)($280 hourly rate); Diana v. Oliphant, No. 05-2338, 2009 WL 2426134 (M.D. Pa. Aug. 6, 2009)(hourly rates of $260 and $250); Buck v. Stankovic, No. 07-717, 2008 WL 4072656 (M.D. Pa. Aug. 27, 2008)(finding a range of reasonable rates for attorneys of varying experience between $160 and $300 per hour); Lohman v. Borough, No. 05-1463, 2008 WL 2951070 (M.D. Pa. July 30, 2008)(hourly rate of $215); DIRECT TV v. Walsh, No. 03-72, 2006 WL 3308668 (M.D. Pa. Oct. 12, 2006)(hourly rates range between $175-$200). Indeed, in an FDCPA action, this Court has recently identified an hourly rate of $250 per hour as a fair and appropriate rate in this particular legal community. See Jackson v. National Credit Adjuster, LLC, No. 08-480, 2009 WL 367408 (M.D. Pa. Feb. 13, 2009).

Id. at (Doc. 14, pp. 13-14).

Having reviewed the submitted affidavits by Plaintiff, having determined the background, experience[1], and expertise of Plaintiff's counsel, with the backdrop of Middle District of Pennsylvania caselaw on hourly rates previously awarded in FDCPA claims and accounting for time elapse since those decisions, and considering the fact that there was no trial or oral argument

---

[1] Lead counsel Carlo Sabatini has been practicing law for fourteen (14) years; associate Lindsey Tice has been practicing law for four (4) years; associate Brett Freeman has been practicing law for three (3) years. (Doc. 23-1, pp. 1, 8-9).

in this matter, it is determined that a $300 per hour rate is appropriate for Plaintiff's lead counsel, $200 per hour rate is appropriate for both associate attorneys, and a $75 per hour rate is appropriate for Plaintiff's support staff.

Next, Defendant makes objections to specific items in Plaintiff's billings alleging some are for clerical work, some are duplicative or vague, and some are for rudimentary research, and are therefore not reasonable or recoverable. (Doc. 26, pp. 12-19). Plaintiff argues that the amount of these disputed fees is less than the deductions already made by Plaintiff. (Doc. 29, p. 6). These specific objections, outlined in tables contained in Defendant's brief, total $6,234 utilizing the rates requested by Plaintiff. (Doc. 26, pp. 12-19). Plaintiff has reduced her fee request by $8,184.80 also utilizing the rates requested by Plaintiff ($2,327.30 on the original request and $5,857.50 in the reply brief request).[2] Accordingly, since the deductions are greater than the disputed fees, the deductions account for and moot the contested items raised by Defendant.

The Court now must calculate the fees and costs due based on the rates set forth above. For simplicity, the Undersigned will start with the rate summary on Plaintiff's original submission and group the hours as paralegal, associate, and lead counsel:

---

[2]Plaintiff alleges that the total fees earned is $34,662.21 and the amount sought is $26,945.66 which represents a $7,716.55, or 22%, reduction in addition to prior deductions. The Court, in determining whether the deductions made will offset and moot Defendant's specific objections, will only utilize the final 10% deduction on the original statement ($2,327.30) and the $5,857.50 from the reply statement ($11,857.50 minus $6000). The "Discounts" listed on the billing statements and the $468.25 deduction in response to the objections are not considered in this analysis. See (Doc. 23-1, pp. 19-20) and (Doc. 29-2, pp. 3-4).

5

|  | Position | Rate | Hours | Total |
|---|---|---|---|---|
|  | Paralegal | $75 | 1.5 | $112.50 |
|  | Associate | $200 | 73.6 | $14,720 |
|  | Lead Counsel | $300 | 32.4 | $9,720 |
| Total |  |  |  | $24,526.50 |
|  |  |  |  |  |
| Discounts | Paralegal | $75 | 0.3 | $22.5 |
|  | Associate | $200 | 17.8 | $3,560 |
|  | Lead Counsel | $300 | 0.3 | $90 |
| Total Discount |  |  |  | $3,672.50 |
|  |  |  |  |  |
| Sub Total |  |  |  | $20,880 |
|  |  |  |  |  |
| Fees |  |  |  | $162.46 |
| Total |  |  |  | $21,042.46 |
| 10% Discrepancy Deduction |  |  |  | $2,104.25 |
| First Statement Total |  |  |  | $18,938.21 |
|  |  |  |  |  |
| Reply Brief Statement | Lead Counsel | $300 | 20 | $6,000[3] |
| Total |  |  |  | $24,938.21 |

---

[3]Despite allegedly spending over forty (40) hours on the reply brief, Plaintiff seeks twenty (20) hours of compensation for lead counsel's work in that regard. See (Doc. 29, p. 27).

Accordingly, it is determined that Plaintiff is entitled to attorney's fees and costs totaling $24,938.21.

A separate Order will issue.

**Date: November 22, 2013**                      **United States District Judge**